IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MINA BLAIR, | No. 4:18-CV-1629 |
|---|---|
| Plaintiff, | (Judge Brann) |
| v. | |
| SAMUEL J. BURRAUNO, | |
| | (Magistrate Judge Mehalchick) |
| Defendant. | |

# ORDER

**OCTOBER 24, 2018**

Plaintiff filed the instant action on August 16, 2018, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On October 1, 2018 Magistrate Judge Karoline Mehalchick, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that Plaintiff be granted leave to amend her complaint.

---

[1] 28 U.S.C. 636(b)(1)(B).

[2] 28 U.S.C. 636(b)(1).

No objections to the report and recommendation have been filed. For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[3] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[4]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review here and found no error.

However, the magistrate judge liberally construed the complaint to be an attempt to raise only a claim under 42 U.S.C. § 1983. In liberally construing the complaint myself, I see another basis under which Blair could amend her complaint and remain in federal court – diversity jurisdiction. The named Defendant is a resident of Florida, and she alleges an amount in controversy of $74,999 – just shy of the $75,000 threshold for diversity jurisdiction to exist. It is entirely possibly, and frankly more than likely, that her land dispute issues with

---

[3] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[4] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Mr. Burrano exist, not as a civil rights action, but instead as claims arising under Pennsylvania state law.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Karoline Mehalchick's October 1, 2018 Report and Recommendation, ECF No. 5, is **ADOPTED in full**.

2. Plaintiff's complaint is **DISMISSED**.

3. Plaintiff may file an amended complaint on or before November 6, 2018.

4. If no amended complaint is filed by November 6, 2018, the action will be summarily dismissed.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge